## HEMMING *v.* RAWLINGS.*

(Division B.   Nov. 8, 1926.)

[110 So. 118.   No. 25910.]

1. TRIAL. *Clause in instruction that jury's power to judge testimony was not limited held not erroneous as qualified.*

   Clause in instruction to effect that there was no rule or form of law limiting jury's power to judge testimony *held* not erroneous, when qualified by statement that jury must honestly and fairly consider testimony offered.

2. TRIAL.

   Jury are sole judges of credibility of witnesses and weight to be given evidence.

3. TRIAL. *Instruction that jury might disregard testimony of one swearing falsely to material fact, although erroneous, held harmless, in view of other instructions.*

   Instruction that jury might disregard testimony of one who had sworn falsely to material fact, although erroneous in failing to specify that belief must arise from evidence, *held* harmless, when construed with other instructions to effect that jury in determining issues should be controlled by evidence.

4. TRIAL.

   All instructions given should be construed together as one instruction.

*Corpus Juris-Cyc. References: Trial, 38 Cyc, p. 1516, n. 57; p. 1513, n. 69; p. 1778, n. 73; p. 1779, n. 75, 76; p. 1785, n. 90.

APPEAL from circuit court of Lauderdale county.

HON. R. M. BOURDEAUX, Judge.

Action by V. L. Rawlings against A. E. Hemming. Judgment for plaintiff, and defendant appeals. Affirmed.

*Amis & Dunn,* for appellant.

At the instance of the plaintiff the court instructed the jury touching the credibility of the witnesses. This instruction is too broad. It tells the jury that if they will honestly and fairly consider all of the testimony offered in the case and from such testimony, so considered, determine the truth concerning the issues involved in the case, then there is no rule or form of law regulating or limiting their right and power to determine the weight and worth to be given to the testimony of the various witnesses who have testified. Under this instruction the jury even when fairly and honestly considering the testimony would be warranted in wholly discrediting the testimony of any witness because of some personal knowledge possessed by them at variance with some fact testified to by him, or because from their personal knowledge of the character of such witness they believed him to be unworthy of credit, or for any other reason or for no reason at all. We submit that such is not the law.

They must not decide whether or not he is a credible witness by evidence undisclosed at the trial; nor are they at liberty to reject the testimony of any witness from mere caprice or because they may prefer the result which in that way becomes open to them. 3 Ency. Ev., p. 755; *Railroad Co.* v. *Owen,* 90 Ga. —, 15 S. E. 853; *Riley* v. *State,* 75 Miss. 352; *Stewart* v. *Coleman & Co.,* 120 Miss. 28, 81 So. 653; *Wilson* v. *Blanton,* 130 Miss. 390, 94 So. 214.

The same error inheres in the other instruction as in that which we have just criticised, in that it does not require the jury's belief touching the falsity of the testimony to arise from the facts and circumstances in evidence. *Lavenberg* v. *Harper,* 27 Miss. 299. The contention here made was also made by the appellant in *Hinton* v. *State,* 120 Miss. 226, 91 So.897; but the court declined to pass on it for the reason that it could not

be availed of by the appellant because he had obtained a similar instruction.

The weight of the evidence and that which affects it most vitally, the credibility of the witnesses, is one of the most delicate parts of the whole machinery for the attainment of legal justice; and every instruction to the jury touching the credibility of the witnesses should be strictly in accordance with the established rules of the law; and this view has found support in the decisions of this court especially in the application of the rigorous rule, *"Falsus in uno, falsus in omnibus." McDonald* v. *State,* 29 So. 750; *Bill* v. *State,* 90 Miss. 110.

The instructions were not only erroneous as a matter of law, but they were both most harmful to the appellant in view of the position of the parties and the testimony in the case.

*Reily & Parker,* for appellee.

There can be no dispute as to the fact that under our law the jurors are in fact the sole and only judges of the weight and worth of the testimony of each and every witness called to testify. There is no rule of law that in any manner fixes the power and right to so pass upon the weight and worth of testimony. They are the exclusive judges. There is no rule of law which in any way precludes them from being the exclusive and only judges. It is true that it is the duty of the jury to honestly and fairly consider all of the testimony in the case and that their verdict should be based upon the testimony and nothing but the testimony; and this is what they were informed in the instruction. *Waldrop* v. *State,* 54 So. 66; *Turner* v. *State,* 50 So. 629.

There are a great many things which may be referred to in testing the credibility of a witness, such as his age, candor and his fairness, but the weight to be given concerning such age, candor and fairness must be left to the jury. They are the exclusive judges of the effect these

conditions are to have on his testimony. There are no exceptions to the rule that the jury must be the judge of the weight and worth of the testimony of a witness, other than the duty to give honest and fair consideration to all of the testimony and from such testimony determine the issues involved in the lawsuit. This instruction does not say to the jury that they may disregard the testimony of any witness by reason of some private information that they may have, because it directs them to consider the testimony of all the witnesses, and the verdict must be on the testimony and not on information not contained in the evidence.

The objection made to the other instruction is directed to the fact that the jury might believe that such false swearing was done without requiring that such belief be based on the testimony. This instruction is directed only to testimony concerning a material issue or material fact in this case which testimony was wilfully, intentionally and corruptly false. Only two cases are found in Mississippi where this matter has been directly referred to. *Lavenberg* v. *Harper,* 27 Miss. 299; *Hinton* v. *State,* 91 So. 897.

The above two instances are not the only times this instruction has been before this court, and we are unable to say that in these two cases this instruction has been condemned. There is considerable difference between the instruction condemned in the Lavenberg case and the instruction granted in the case at bar and the language used by the court in the Lavenberg case is not applicable to the case at bar. And there was no occasion for the court to directly pass upon the question in the Hinton case. If it be said that the court impliedly found fault with the language used in the Hinton case, the implication would not be the same as the actual pronouncement of the law by the court. For the court has impliedly approved this language in several cases. *Sardis* v. *McCoy,* 37 So. 706; *State* v. *Wofford,* 56 So. 162.

It would be folly to charge that a jury would decide that a witness had testified falsely concerning a matter

wilfully, intentionally and corruptly, without first having decided what was the truth concerning such fact. In this regard, we insist that by taking all the instructions together, the jury was directed to decide the truth of all material questions of fact from the testimony, and in this way the instruction complained about is not subject to the criticism directed at it.    38 Cyc. 1734; *Snyder* v. *State*, 111 S. W. 465; *Johnson* v. *Johnson*, 115 N. W. 323; *Blankavag* v. *Badger Box Co.*, 117 N. W. 852; *Richardson* v. *Gage*, Ann Cas. 1914-B 534; *Hitt* v. *Terry*, 46 So. 829.

The instructions to the jury are correct and the amount of the verdict is not excessive. We feel that the case should be affirmed.

Argued orally by *Marion W. Reily,* for appellee.

ANDERSON, J., delivered the opinion of the court.

Appellee, Rawlings, brought this action in the circuit court of Lauderdale county against appellant, Hemming, to recover damages for an injury received by appellee through the alleged negligence of appellant while appellee was engaged about his duties as an employee in appellant's wagon factory. Appellee recovered judgment in the sum of five thousand dollars from which judgment appellant prosecutes this appeal.

The giving of two instructions for appellee is assigned as error. One of the instructions complained of is in the following language:

"The court charges the jury for the plaintiff, you are the sole and only judges of the weight and worth of the testimony of each and every witness called to testify, and that there is no rule or form of law regulating or limiting this right and power, other than the duty of the jury to honestly and fairly consider all of the testimony offered in the case, and from such testimony determine the truth concerning the issues involved in this case."

It is argued that the following clause in the instruction made the instruction erroneous and misleading to the jury: ''And there is no rule or form of law regulating or limiting this right of the jury.'' Appellant's position would be sound except for the qualifying clause with which the instruction concludes, viz., ''other than the duty of the jury to honestly and fairly consider all of the testimony offered in the case, and from such testimony determine the truth concerning the issues involved in this case.'' We think the clause so modified the clause in question that the instruction, as given, embodied the correct principle of law. It is the law that the jury are the sole judges of the credibility of witnesses testifying in a case and the weight to be given this evidence, and there is no law regulating or limiting this authority of the jury, except that they must be guided by the evidence. That is what the instruction told the jury. Therefore there was no error in giving the instruction.

The other instruction complained of is in this language:

''The court charges the jury for the plaintiff that if the jury believe that any witness testifying in this case has willfully, intentionally, and corruptly sworn falsely to any material fact in the case, that you may disregard his testimony altogether the same as if he had not testified at all.''

The criticism made by appellant of this instruction is that the jury were not told that they must believe from the evidence that if any witness had willfully and corruptly sworn falsely to any material fact in the case they might disregard his testimony altogether; that therefore the jury were left no guide; they were authorized to go out into the field of speculation to determine the question. The appellee conceded that the instruction was erroneous for the reason urged by appellant, but contends that the error was harmless—that the instruction was not misleading to the jury.

Every other instruction given, both for appellant and appellee, told the jury that in determining the issues of

fact in the case they should be controlled by the evidence. This instruction, and the other instruction, first above copied, of which appellant complains, are on the same subject. They are both addressed to the authority and duty of the jury with reference to passing on the weight of the testimony. In determining the weight of testimony, the jury may pass on the credibility of the witnesses. Taking the two instructions together, as should be done, they told the jury, in effect, that, in passing on the credibility of witnesses and the weight that should be given their evidence, they should be guided by the evidence alone. In this day of reading and enlightenment, it would be hard to believe that any juror could be found who thought, under the law, he was authorized to return a verdict based on any consideration except the evidence in the case. Although this instruction was erroneous, we are of opinion that, taking the completed record, including all the instructions given for both appellant and appellee, and construing them together as one instruction, which this court has often held should be done, the error in this particular instruction was cured and therefore harmless to appellant.

*Affirmed.*